Chief Justice SCHROEDER
Dissenting.
I respectfully dissent from the Court’s conclusion in part III, 3 that the Idaho Department of Correction is immune from liability because there was no indiscriminate public disclosure of its employees’ private information. According to Webster’s II New Riverside University Dictionary “indiscriminate” includes “not properly restrained.” The degree of restraint necessary should be governed by the type of information disclosed, the steps taken to assure that the information does not pass into improper hands and the potential consequences to the employees if it does.
The information in this case included the officers’ home addresses, telephone numbers, marital status, birthdates and social security numbers. This is very personal and mostly irrelevant to the criminal investigation. If the prosecutor or sheriff needed to know a *195 social security number, a home address, or marital status he should have been called upon to request that information with guarantees of proper protection. How this information is relevant to whether Persons threw an unidentified liquid (perhaps urine?) in the officers’ faces escapes the simple mind.
There is no showing the Department took any steps to assure that the information did not pass into improper hands. Reliance on somebody else doing the job of maintaining privacy does not excuse its default.
The consequences are grave. There are few groups that need the protection of privacy more than correction officers. The potential for harassment at best, at worst physical harm to themselves or their children or spouses is significant. The threat of identity theft hangs over their financial lives.
Against this background is total disregard by the Department of its employees’ physical and financial safety. Despite the terrible consequences of this case, the Department’s attorney at oral argument stated no remedial action had been taken to avoid such future consequences. In fact the Department will continue to disclose irrelevant personal information in exactly the same way as it did in this case regardless of the possible harm to its employees, their children and spouses. Perhaps it is time for the legal splash of cold clear water in the Department’s face to wake it up to the indecency of its conduct in the past, and as it assures us, its irresponsible conduct in the future.